```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                    MACON DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| vs. | * |
| | CASE NO. 5:14-CR-77 (CDL) |
| DANIEL ERIC COBBLE, | * |
| Defendant. | * |

O R D E R

Daniel Eric Cobble is charged with three counts of mailing threatening communications to two federal district court judges. Mr. Cobble, who is presently in custody pursuant to a state court sentence, recently sent a letter to the Clerk of Court stating: "Notice to Judge Land I'm going to kill your kids and your grandkids *unless* you have me questioned under drug induced hypnosis . . . ." Notice to Judge Land, ECF No. 106 at 1. Some evidence exists that Mr. Cobble previously made general threats toward every judge in the state of Georgia, every member of the Eleventh Circuit Court of Appeals, and every Justice of the United States Supreme Court if he did not get his way in his legal proceedings. Forensic Report Addendum, ECF No. 62-1 at 3. Mr. Cobble's court appointed counsel, obviously out of an abundance of caution, now moves for the undersigned to recuse himself pursuant to 28 U.S.C. § 455(a), arguing that the threatening letter impairs the undersigned's ability to appear

impartial.  For the reasons discussed below, the motion is denied (ECF No. 111).

## DISCUSSION

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The test for recusal "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)).  "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (per curiam) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)).  A threat, by itself, typically does not require recusal under § 455(a).  *See United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) ("Judges are not required to recuse themselves any time they are threatened."); *United States v. Cooley*, 1 F.3d 985, 1006 (10th Cir. 1993) ("[T]hreats or other attempts to intimidate the judge . . . will not ordinarily satisfy the requirements for disqualification under § 455(a).").

Here, the record reflects that Mr. Cobble's threat is an attempt to manipulate the Court into ruling in his favor. Mr. Cobble's threat is conditioned on the Court denying his request to be questioned under drug-induced hypnosis. Given the conditional nature of the threat, the Court concludes that the threat is nothing more than an attempt to strong-arm the Court into granting his request to be questioned under drug-induced hypnosis. Mr. Cobble's most recent threat is consistent with other threats he has lodged against virtually the entire judiciary if he does not get his way.

The record also reveals that the threat is likely an attempt to have the Court recused and have this action transferred to another judge. Mr. Cobble previously moved to "[r]ecuse all Georgia Judges from my case and assign one from Washington DC." Motion to Recuse 1, ECF No. 30. That motion was denied and then Mr. Cobble threatened the Court and moved for recusal again, this time due to the threat. "[I]f a death threat is communicated directly to the judge by a defendant, it may normally be presumed that one of the defendant's motivations is to obtain a recusal, particularly if he thereafter affirmatively seeks a recusal." *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994). Because it appears that Mr. Cobble's threat was motivated by a desire to forum shop, albeit with every intention to condition acceptance of the new forum on

rulings in his favor, the Court does not find recusal appropriate. *See United States v. Disch*, 347 F. App'x 421, 423 (11th Cir. 2009) (per curiam) (concluding that it was not plain error for a district court judge to not recuse himself when the circumstances "ma[d]e it apparent that [the defendant's] threats were motivated by a desire to cause recusal").

In summary, the Court concludes that no objective, fully informed lay observer would doubt the Court's impartiality. Accordingly, the motion to recuse is denied.

IT IS SO ORDERED, this 9th day of August, 2016.

                                              S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA