IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 5:14-cr-77 (CDL) |
| DANIEL ERIC COBBLE, : | |
| : | |
| Defendant. : | |
| _____: | |

## ORDER

Defendant Daniel Cobble has filed four post-judgment motions. Because none of the motions requests relief that the Court can grant, all four motions (Docs. 814, 815, 816, 817) are **DENIED**.

In the first motion (Doc. 814), Defendant moves the Court to "stay proceedings to stop start of my physical U.S.B.O.P. custody until 11th Cir rules on my still pending appeal." In the second (Doc. 815), Defendant moves for a "super sedeas appeal bond" and requests certain relief that appears to be related to the calculation of his sentence. These motions are moot, in that the Court of Appeals has since entered its opinion affirming Defendant's conviction. (Doc. 818).

In his fourth motion (Doc. 817), Defendant requests a "writ of execution to enforce defendant's federal prison sentences as to all U.S.B.O.P. policys help full to him present to the future nationwide in all facilities." To the extent that this motion or Defendant's second motion relates to the calculation or execution of his sentence, Defendant requests relief that the Court is not authorized to grant in the context of this case. The calculation of a term of

imprisonment is governed by 18 U.S.C. § 3585. Such calculations are an administrative function entrusted to the Bureau of Prisons, which "initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing." *Rodriguez v. Lamer*, 60 F.3d 745, 746 (11th Cir. 1995). *See also United States v. Wilson*, 503 U.S. 329 (1992).

In his third motion, Defendant moves for return of "non-contraband property taken from me at my Fed arrest." Although much of this motion is illegible, it appears to allege that a state employee stole a debit card, electronic tablet, legal mail, and other personal items when Defendant was transferred to federal custody in 2015. Such allegations would relate to a civil matter that is outside the scope of this criminal case.

**SO ORDERED**, this 7th day of September, 2022.

> s/ Charles H. Weigle
> Charles H. Weigle
> United States Magistrate Judge