IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 5:14-cr-77-CDL-CHW |
| | : | Civil No.: 5:23-cv-370-CDL |
| DANIEL COBBLE, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Defendant/Movant. | : | Before the U.S. Magistrate Judge |
| | : | |

**ORDER**

Before the Court are several motions (Docs. 841-843) filed by Movant Daniel Cobble in connection with his Section 2255 motion. (Doc 840). As explained below, none of the motions have merit.

*Motion for Appointment of Counsel*

Movant filed a motion to appoint counsel for proceedings under Section 2255. (Doc. 841). A Section 2255 motion is a civil proceeding, and there is no Sixth Amendment right to counsel in a civil proceeding. *United States v. Johnson,* 842 F. App'x 402, 405 (11th Cir. 2021). Therefore, counsel can only be appointed in a habeas motion or petition if "the interests of justice so require," and insofar as it is "necessary for effective discovery or if an evidentiary hearing is warranted." *Id*. (citing 18 U.S.C. § 3006A and Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings). Movant's request for counsel does not demonstrate that appointment of counsel is necessary at this time. The motion for appointment of counsel (Doc. 841) is **DENIED**. Should the Court determine that appointment of counsel is necessary under the rules governing Section 2255 proceedings or as justice requires, then the Court, **on its own motion,** will appoint counsel at that time.

1

*Motion to File Free*

Movant also filed a motion to file free. (Doc. 842). No filing fee is assessed when a Section 2255 motion is filed. *See* Rules Governing Section 2255 Proceedings, Rule 3, 1976 Committee Notes (explaining that no filing fee is required of movants). Therefore, Movant's motion to file free is **DENIED as moot**.

*Motion for Civil Speedy Trial*

Movant also filed a "motion for the court to abide by civil speedy trial" regarding his Section 2255 habeas motion. (Doc. 843). While Rule 1 of the Federal Rules of Civil Procedure encourages courts to secure the "just, speedy, and inexpensive determination of every action and proceeding," a defendant's constitutional or statutory right to a speedy trial does not extend to civil proceedings, including petitions for habeas corpus. Therefore, Plaintiff's motion for a civil speedy trial is **DENIED**.

**SO ORDERED**, this 26th day of September, 2023.

s/ <u>Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge