IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 5:14-cr-77-CDL-CHW |
| | : | Civil No.: 5:23-cv-370-CDL |
| DANIEL COBBLE, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Defendant/Movant. | : | Before the U.S. Magistrate Judge |

## ORDER AND RECOMMENDATION

Before the Court are several miscellaneous motions filed by Movant Daniel Cobble connected to and following his Section 2255 motion. (Doc 840). For the reasons explained below, it is **RECOMMENDED** that Movant's motion for summary judgment (Doc. 869) be **DISMISSED**. The motions relating to amending his Section 2255 motion (Docs. 848, 849, 851, 855, 856, 857) are **GRANTED**. The Government's deadline for responding to Section 2255 motion is extended until January 16, 2024. The remaining motions (Docs. 852, 859, 860, 861, 862, 864, 865, 866) are **DENIED**.

**Motions to Amend or Additional Grounds for Relief (Docs. 848, 849, 851, 855, 856, 857)**

Upon the Court's initial review of Movant's Section 2255, the Court ordered Movant to amend his motion to include all possible grounds within 30 days. (Doc. 847). Movant has submitted six separate motions to either amend his claims or add additional relief to his petition. Without addressing the merits of the grounds and relief described in the motions, the motions to amend claims or add additional relief (Docs. 848, 849, 851, 855, 856, 857) are **GRANTED**. Movant's time for amending his Section 2255 is complete. Given Movant's multiple amendments, the Government shall have until January 16, 2024, to respond to Movant's Section 2255 as directed in the Court's previous order.

1

**Motion for Contempt (Doc. 852)**
**Emergency Motion to Compel (Doc. 860)**

Movant submitted motions for contempt and to compel, both relating to issues with providing legal postage, how the Bureau of Prisons (BOP) manages the mail system, and how Movant is forced to pay for postage. (Doc. 852, 860). The substance of these motions is not cognizable in Movant's 2255 or his underlying criminal case.[1] The motions are without merit.

**Emergency Motion to Restrain BOP from Throwing Away Property (Doc. 859)**
**Emergency Motion to Restrain BOP, *et al.*, from Violating Movant's Rights (Doc. 862)**

Movant preemptively requests this Court to restrain the BOP and other officials from taking his property (Doc. 859) or violating his rights by requiring medical tests (Doc. 862) when he is transported for a hearing on his Section 2255 motion. He also asks that the BOP be made to transfer Movant's property with him. (Doc. 859). As a practical matter, no hearing is scheduled for Movant's Section 2255 motion. Further, as the Court has explained throughout Movant's criminal case denying or dismissing similar motions, allegations relating to Defendant's property or conditions of confinement are civil matters that are outside the scope of this criminal case. These motions provide no basis for relief.

---

[1] The Court notes that Movant styled these motions using only the civil case number associated with his Section 2255 motion. While a habeas petition is treated as civil rather than criminal, his Section 2255 did not create a new, distinct civil action. *See, e.g.*, *Brown v. US*, 748 F.3d 1045 (11th Cir. 2014) and *Girham v. United States*, F. Supp. 3d 986 (N.D. Ala. June 13, 2019) (discussing the history and classification of Section 2255 matters as civil versus criminal in nature with the latter concluding "that a Section 2255 application…does not commence a separate civil action"). Even if a Section 2255 motion created a truly separate civil action, that action would not be a civil suit where Movant could challenge conditions of confinement or other analogous Section 1983 or *Bivens* claims. *See Mackey v. United States*, 2022 WL 17830252, *2 (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)) ("Claims challenging the fact or duration of confinement fall within the core of habeas corpus, while claims challenging the conditions of confinement fall outside that core….")

**Emergency Motion to Compel BOP to Pay for Freeworld Glasses (Doc. 861)**

Movant has previously sought to have the Court order his custodians or the Government provide him with new or replacements eyeglasses prescriptions and eyeglasses. *See, e.g.*, (Doc. 83. 263). Those motions were denied because the requested relief is outside the scope of the Court's authority and has no relevant to Movant's criminal case. *See, e.g.*, (Doc. 301, p. 5). The same remains true. This motion (Doc. 861) requests no relief that can be granted in this matter.

**Emergency Motion to Subpoena Transcript (Doc. 864)**
**Motion to Subpoena Social Security Records (Doc. 866)**

Movant requests the Court issue a subpoena for transcript from a 1980 case in Hamilton County, Tennessee to prove Movant's name legal name. (Doc. 864). He also moves to subpoena Social Security records to prove his legal name as baby was not Daniel Cobble. (Doc. 866). Movant has raised issues about his legal name, and each time, the Court has found his motions frivolous or failing to request any relief available in the context of this case. *See, e.g.*, (Doc. 548, p. 23). The current motions (Docs. 864, 866) seeking subpoenas for information to verify Movant's name likewise do not provide any grounds for relief.

**Emergency Motion to Subpoena Georgia Department of Corrections (Doc. 865)**

Movant seeks a subpoena directing the Georgia Department of Corrections to produce the mail policy that was in effect in 2013. (Doc. 865). Movant appears to argue that a violation of the indigent mail policy caused the threat involved in his underlying case to be mailed. He says he can only prove his claims – apparently as alleged his Section 2255 – with access to this policy. Discovery in Section 2255 matters is discretionary and more limited than other general civil cases, and a movant must show "good cause" to obtain discovery. *United States v. Cuya*, 964 F.3d 969, 973-974 (11th Cir. 2020) (internal citations and authority omitted). The Government has yet to

respond to Movant's Section 2255 and the record does not demonstrate the good cause necessary to permit discovery or how this policy is relevant to his Section 2255 motion. Movant's emergency motion to subpoena the Georgia Department of Corrections (Doc. 865) is without merit.

**Motion for Summary Judgment (Doc. 869)**

Movant has filed a "motion for summary judgment on claim 1 only so far due to U.S. Government's words admitting my claim in their response to this suit." (Doc. 869). While summary judgment is not precluded in Section 2255 motions (*see Jones v. United States*, 2020 WL 4196191, *1 (S.D. Ga. June 23, 2020), Movant's motion is insufficient, has none of the required support, and does not include the required statement of material facts. Moreover, it unclear to what response Movant refers. As the docket reflects, the Government has not filed a response to Movant's Section 2255. The motion for summary judgment is improper. It is **RECOMMENDED** that the motion (Doc. 869) should be **DISMISSED**.

**SO ORDERED AND RECOMMENDED**, this 17th day of November, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge