IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 5:14-cr-77-CDL-CHW |
| | : | |
| DANIEL COBBLE, | : | |
| | : | |
| Defendant. | : | |

# ORDER

Before the Court are several miscellaneous motions filed by Defendant Daniel Cobble following the filing of, but unrelated to, his Section 2255 motion. Defendant has unsuccessfully raised the substance of these motions in multiple previous filings. For the reasons explained below, these motions (Docs. 874, 879, 881, 887, 888, 889, 891, 892, 894, 905, 906) are without merit and are **DENIED**.

**Doc. 874: Motion to Compel U.S. Government to Abide by the Emoluments Clause of the U.S. Constitution**

Since his trial, Defendant has contended that he has denounced his citizenship, is a foreign national, or a sovereign citizen. Pursuant to this belief, Defendant moves to be relieved from the payment of any fees under the Emoluments Clause of the U.S. Constitution. (Doc. 874). The Court did not address Defendant's last request to proceed without paying costs pursuant to the Emoluments Clause because there is not a fee associated with filing a Section 2255 motion. *See* (Docs. 842, 846). However, as another court has explained to Defendant, the Emoluments Clause provides no relief from the assessment of fees. *See Cobble v. U.S. Government*, 2021 WL 1220930. *1, n.1 (S.D. Ga. Mar. 31, 2021). Defendant's motion to compel (Doc. 874) is without merit and is denied.

1

**Doc. 881: Motion to be Allowed to File Appeal of the 11/15/23 Dist. Ruling to 11th Circuit Free Under the Emoluments Clause of the U.S. Constitution**

**Doc. 894: Motion for Judge to Fix Court Clerk's Error**

Defendant again asks to be relieved from paying appellate filing fees under the Emoluments Clause (Doc. 881). As explained above the Emoluments Clause does not relieve Defendant from filing fees, therefore his motion to appeal the November 15, 2023 order without paying the fees (Doc. 881) is DENIED.

Defendant also makes a request that the record be corrected to show that he appealed the Court's November 15, 2023 order and not his Section 2255 motion. (Docs. 871, 884, 894). This motion is moot for two reasons. First, the docket clearly shows that Defendant's Section 2255 motion is still pending so there is not yet an order to appeal. Second, the Court of Appeals has issued a mandate dismissing Defendant's latest appeal effort, so there is no pending appeal to correct. Defendant's motion for the court to fix the clerk's error (Doc. 894) is DENIED as moot.

**Doc. 879: Emergency Motion for Court to Explain Why Y'all Keep Ignoring Both My Moms**

**Doc. 889: Emergency Motion for Court to Admit Its in My Fed Crime Jury Transcript Where My Mom Testified I was born Jonathan Wayne Plemons, Jr….**

Throughout this case, Defendant has raised issues about the veracity and background of his legal name, and each time, the Court has found his motions frivolous or failing to provide any relief in the context of this case. *See, e.g.*, (Docs. 292; 352; 380; 548, p. 23; 864; 866; 873). Defendant again seeks the Court's acknowledgement of various issues surrounding his name(s) and the testimony of his mother at this criminal trial. (Docs. 879, 889). While Defendant is correct that his mother testified at his trial regarding his various name changes (Doc. 764, p. 60-61), this background bears no relation to Defendant's criminal case. These motions relating to Defendant's

name(s), as with the previous motions, provide no relief in the context of this case. These motions (Docs. 879, 889) are DENIED.

### Doc. 887: Emergency Motion for Court and U.S. Government to Tell Me if Y'all are Going to do Anything about BOP Stealing My Debit Card with Federal Stimulus Funds

### Doc. 888: Emergency Motion for Court to Tell Me Do You Understand…

Defendant has filed countless motions about the return of his property or how his funds, property, or other personal effects are managed. Each time the Court has explained that allegations relating to Defendant's property or how the prison handles his property are civil matters that are outside the scope of this criminal case. Defendant argues that he found support for handling a motion related to the return of property within a criminal case, but he did not provide the case. He also asks for the Court's intervention on the handling of his federal stimulus funds. As the Court has explained, motions about his property are not appropriate in the context of this case and provide no basis for relief in his criminal case. These motions (Docs. 887, 888) are DENIED.

### Docs. 891, 892: Emergency Motions Relating to the Court's Knowledge of Certain Events Involving Georgia Jails, Prisons, and Other Inmates

Defendant filed two motions (Docs. 891, 892) where he inquires into the Court's knowledge about matters wholly unrelated to this case. These motions do not request relief that is available in or connected to the context of this case. Both motions (Docs. 891, 892) are DENIED.

### Doc. 905: Emergency Motion for Court to rule that soley due to my refusing to sign a U.S. BOP Contract agreeing to finance or pay written agreement the court ordered assessment $100 fee times 3 does not legally allow BOP to use my refusal as reason to put me on $25 a month commissary limit when all other inmates get $360. It violates due process.

In this motion, Defendant is apparently referencing the mandatory assessment $100 fee imposed by his sentence for each count and BOP's chosen method of collecting the assessed fees. The Court interprets the motion as describing the BOP's Inmate Financial Responsibility Program (IFRP). As summarized by a sister district court:

> The BOP developed the IFRP to help "each sentenced inmate ... meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. BOP staff work with IFRP participants to develop financial plans for meeting their obligations and periodically review the participants' progress in satisfying those obligations. *Id.* Participation is voluntary, though non-participants are ineligible for certain prison benefits. *Id.* § 545.11(d). To help develop a financial plan, BOP staff review the defendant's PSR and judgment and other relevant documents. *Id.* § 545.11(a). The plan is then documented and usually requires the inmate to pay first special assessment fees, then court-ordered restitution, then criminal fines, and then other obligations. *Id.* If an inmate holds a prison job, payments may be deducted from his prison wages. *Id.* § 545.11(b). If an inmate either does not participate in the IFRP or does not comply with the terms of his financial plan, he may face, among other things, any of the following consequences: notification of his non-participation to the Parole Commission; ineligibility for furlough or performance pay or work details outside the secure perimeter of his facility; commissary spending limitations; and placement in the lowest housing status. *Id.* § 545.11(d).
>
> *United States v. Mackey*, 2016 WL 7664130 (N.D. Ala. Oct. 24, 2016)

It appears that Defendant's motion simply reflects that the BOP is operating according to these federal regulations. He does not have to participate in the program or sign a contract as he describes it, but there are consequences for that choice, including the reduced commissary spending limits. Therefore, this motion does not afford any basis for relief. The motion (Doc. 905) is DENIED.

**Doc. 906: Emergency Motion for Court to Replace My Freeworld Prescription Eyeglasses**

Defendant again asks that the Court replace his prescription eyeglasses. For the reasons previously explained (Docs. 100, 301, 873), this motion (Doc. 906) is DENIED.

**SO ORDERED**, this 3rd day of May, 2024.

s/ <u>Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge
