**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 5:14-cr-00077-CDL-CHW** |
| | : | |
| **DANIEL ERIC COBBLE,** | : | |
| | : | |
| **Defendant.** | : | |

_____

**ORDER**

Defendant Daniel Eric Cobble filed what has been construed as a motion for leave to appeal *in forma pauperis* (ECF No. 912) regarding his appeal (ECF No. 911) of the Court's April 24, 2024 order (ECF No. 907), which adopted a November 17, 2023 Order and Recommendation from the Magistrate Judge. (ECF No. 873).

The motions addressed in the appealed order concern issues arising in Defendant's criminal case and Section 2255 proceedings.[1] An appeal cannot be taken in forma pauperis if the trial court certifies the appeal is not taken in good faith. Fed. R. App. P. 24.

Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
    (A) shows . . . the party's inability to pay or to give security for fees and costs;
    (B) claims an entitlement to redress; and

_____

[1] A recommendation to deny Defendant's Section 2255 motion to vacate was recently filed on May 3, 2024, (ECF No. 909), along with an order denying other miscellaneous motions. (ECF No. 908).

(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether Defendant is financially able to pay the filing fee required for an appeal. Defendant did not include any application or accompanying affidavit about his financial ability to pay the $605 filing fee in his motion. Instead, Defendant states that he "is not a pauper," and asks to be relieved from paying fees under the Emoluments Clause of the U.S. Constitution. (ECF No. 912). Defendant has been informed that the Emoluments Clause offers him no relief. *See* (ECF No. 908).

As to his assertion that he is not a pauper, Defendant has filed a motion for the Court to order that the fees be taken from his state agency account (ECF No. 910), and the Court presumes that Defendant is referencing the potential funds purportedly held in his name by the State of Georgia. *See* (ECF No. 904). There is no indication that Defendant is in possession of these funds and the Court knows of no mechanism for the Court to grant Defendant's request to withdraw these funds from the Georgia Department of Revenue. For the purposes of this motion, the Court presumes that Defendant has no ability to pay the filing fee of $605.

Next, the Court must determine whether Defendant has

satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appellant demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Several motions denied in the Order (ECF No. 907) and underlying Recommendation (ECF No. 873) were not cognizable in Defendant's Section 2255 case (ECF Nos. 852, 860) or involved matters outside the scope of this case. *See* (ECF Nos. 859, 862) (involving property rights issues, which Defendant has been repeatedly told cannot be brought in this action); (ECF No. 861) (asking for the replacement of his glasses); (ECF Nos. 864, 866)

(motions regarding other courts' transcripts). The remaining motions concerned his Section 2255 motion.

In his motion to proceed *in forma pauperis* on appeal (ECF No. 912), Defendant does not identify the basis of his appeal or argue that the Court's judgment was flawed, but his notice of appeal argues that the April 24, 2024 Order was "contrary to a lot of laws and case laws such as extension given to USA was illegal…and is continually illegal interference with a court case by USA." (ECF No. 911).

A review of the Court's rulings and the notice of appeal reveals no arguable basis for appeal. Therefore, the appeal is frivolous and not brought in good faith, and Defendant's motion for leave to appeal *in forma pauperis* (ECF No. 912) is **DENIED**. For the reasons explained above, Defendant's motion to withdraw his fees from his state agency account (ECF No. 910) is also **DENIED**. If Defendant wishes to proceed with his appeal, he must pay the entire $605 appellate filing fee.

**SO ORDERED,** this 20th day of May, 2024.

_S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA