IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Case No. 5:14-cr-00077-CDL-CHW |
| : | |
| **DANIEL ERIC COBBLE,** : | |
| : | |
| **Defendant/Movant.** : | |

### ORDER

Pending before the Court are Movant Daniel Eric Cobble's motion for certificate of appealability (ECF No. 939) and motions related to appealing *in forma pauperis* (ECF Nos. 940, 941, 942, 943, 945) regarding his appeal (ECF No. 938) of the Court's July 26, 2024 order (ECF No. 934), which adopted a May 3, 2024 Recommendation (ECF No. 909), denying Movant's Section 2255 motion (ECF No. 840).

In the appealed order, the Court already denied a certificate of appealability (COA) as to Movant's Section 2255 motion. (ECF No. 934) (adopting ECF No. 909). Movant argues that not being permitted to hire his own counsel when he could afford it supports issuing a COA. (ECF. No. 939, p. 1). The Court finds that this argument does not alter the previous decision to deny a COA. *See* (ECF No. 909, p. 25). Movant's motion to for a certificate of appealability (ECF No. 939) is **DENIED.**

Movant also filed several motions relating to appealing for free or to appeal *in forma pauperis*. (ECF No. 945). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. Fed. R. App. P. 24.

Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether Movant is financially able to pay the filing fee required for an appeal. In many of the motions, Movant states that he is not a pauper or seeking to file for free. *See* (ECF. No. 940); (ECF No. 945-1, p. 4). In one motion, on the portions meant to demonstrate Movant's financial status, he wrote "N/A" over each page (ECF No. 945, p. 2-5), and instead included correspondence from the State of Georgia about funds purportedly held his name. *See, e.g.*, (ECF No. 945-1, p. 1-3). He also asks that he be allowed to appeal for free under diplomatic immunity (*Id.*, p. 4; ECF No. 943), as a sovereign citizen (ECF No. 941), or under the Emoluments Clause of U.S. Constitution. (ECF No. 942). Movant

2

holds no immunity, and he has been informed that the Emoluments Clause offers him no relief. See (ECF No. 908). There is likewise no indication that Movant is in possession of the state funds and the Court knows of no mechanism for the Court to withdraw these funds from the Georgia Department of Revenue on Movant's behalf. Although Movant has repeatedly stated that he is not a pauper, for the purposes of these motions, the Court presumes that Movant has no ability to pay the filing fee of $605.

Next, the Court must determine whether Movant has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appellant demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong,

3

however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In his motion to proceed *in forma pauperis* on appeal (ECF No. 945), Movant suggests that denying his Section 2255 motion was illegal, contrary to law, contrary to the record, contrary to the evidence, and contrary to speedy trial law. In addition to the motion, a review of the Court's rulings and the notice of appeal (ECF No. 938) reveals no arguable or meritorious basis for appeal. Therefore, the appeal is frivolous and not brought in good faith. Movant's motions asking to appeal for free or *in forma pauperis* (ECF Nos. 940, 941, 942, 943, 945) are **DENIED**. If Movant wishes to proceed with his appeal, he must pay the entire $605 appellate filing fee.

Between the filing of the recommendation to deny Movant's Section 2255 and the order adopting the recommendation, Movant filed an emergency motion to file appeal free. (ECF No. 923). This does not appear connected to a specific notice of appeal, but to the extent that is connected to this Court's denial of the Section 2255 motion, the emergency motion to file appeal free (ECF No. 923) is also **DENIED** for the reasons stated *supra*.

**SO ORDERED**, this 21st day of October, 2024.

                                                  s/Clay D. Land
                                                  CLAY D. LAND
                                                  UNITED STATES DISTRICT JUDGE
                                                  MIDDLE DISTRICT OF GEORGIA