IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 5:14-cr-77-CDL-CHW |
| | : | |
| DANIEL COBBLE, | : | |
| | : | |
| Defendant. | : | |

# ORDER

On July 11, 2025, the Eleventh Circuit Court of Appeals denied a certificate of appealability in Defendant Daniel Cobble's appeal of this Court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 979). Now pending before the Court are 13 miscellaneous motions filed by Defendant. For the reasons explained below, these motions (Docs. 978, 980-991) are moot or without merit and are **DENIED**.

*Motions Regarding Filing Fees*

Defendant has filed a motion asking that the Clerk of Court correct errors regarding returned filing fees sent to courts in Washington, D.C. and South Carolina. Defendant must address any concerns as to filing fees to those courts. This motion (Doc. 980) is **DENIED**.

*Motion about Defendant's Cellmate's Cellphone*

Defendant filed a motion asking the Court to order the U.S. Marshals Service to confiscate his cellmate's cellphone. (Doc. 978). To the extent that it seeks any legally cognizable relief, this motion relates to conditions of confinement and is outside the scope of this criminal proceeding. Even if this matter were within the Court's discretion and

1

purview, it appears the issue is moot because Defendant explained in a later motion that the cell phone was discovered. *See* (Doc. 981) ("…I am in hole now for a cellphone found in my cell on [June 27, 2025]….") This motion (Doc. 978) is **DENIED**.

*Motions to Compel the Bureau of Prisons*

Defendant asks this Court to compel the Bureau of Prisons to take certain actions related to his confinement. Defendant asks that the Bureau of Prisons be compelled to give him several items or property, such as clothes and a mattress. (Doc. 986). Defendant also asks that the Court order that prison officials take him to an outside provider to buy prescription eyeglasses. (Doc. 985). As the Court has explained, these matters concern the conditions of Defendant's confinement and are outside the scope of this criminal case. These motions (Docs. 985, 986) are **DENIED**.

*Motions Related to the Return of Property*

Throughout this case, Defendant has sought the return of property that he alleges was confiscated during his incarceration and transfers to various prisons. Each time, the Court has denied these motions and explained that Defendant's requests were civil complaints outside the scope of this criminal case. Defendant now seeks to circumvent those rulings by seeking the return of this same property in motions filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Docs. 981, 987). He also requests the government be made to answer his motion, that a hearing on his motions be scheduled, and that witnesses, like his former attorney, be subpoenaed. (Docs. 982, 983, 984, 988, 989, 990, 991). Plaintiff cannot use Rule 41(g) to circumvent the Court's prior rulings about his property simply because his is incarcerated, in part, because of this case. Additionally, in

denying a certificate of appealability, the Court of Appeals found no issue with the Court's conclusion that Defendant's civil rights claims, including the return of any property confiscated by prison officials, must be raised in an action brought under 42 U.S.C. § 1983. *See* (Doc. 979, p. 3). These motions (Doc. 981-984, 987-991) are **DENIED**.

    **SO ORDERED**, this 1st day of August, 2025.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge